UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAR SCHWINDT,

        Plaintiff,

v.                                CASE NO.  8:13-CV-809-T-17EAJ

HERNANDO COUNTY,

        Defendant.

_____/


ORDER

This cause is before the Court on:


Dkt. 2         Motion to Quash Service
Dkt. 12       Motion to Dismiss for Failure to Comply With Orders
Dkt. 18       Motion to Quash Service; Motion to Dismiss


Defendant Hernando County removed this case on the basis of federal question jurisdiction.   Prior to removal, Defendant Hernando County, appearing specially, moved to quash service of process, noting the correct procedure pursuant to Fla. Stat. Sec. 48.111.  With leave of Court (Dkt. 16), Plaintiff Schwindt filed an Amended Complaint.  Defendant Hernando County renewed Defendant's Motion to Quash Service, and, in the alternative, asserted Defendant's Motion to Dismiss, requesting dismissal of the Amended Complaint for failure to include specific facts supporting the claims, and because the Amended Complaint is confusing, ambiguous and vague. Defendant contends Amended Complaint does not provide Defendant with proper notice of the claim being asserted,

Case No. 8:13-CV-809-T-17EAJ

I.   Dkt. 18   Renewed Motion to Quash Service

Defendant argues that Plaintiff attempted to serve Defendant by hand delivery of the Complaint, without a summons or exhibits, to a paralegal of the County Attorney. Defendant further argues that Florida Rule of Civil Procedure 1.070 mandates that a summons be issued and requires Plaintiff to ensure service by an Officer authorized by law to serve process.  Defendant Hernando County, a county government, must be served as provided on <u>Fla.</u> <u>Stat.</u> Sec. 48.111, by service on the chair of the County Commission, or, in his absence, the Vice-Chair of the County Commission, or in the absence of either, on any member of the Board of County Commissioners.

Without valid service of process, the Court does not have personal jurisdiction over Defendant Hernando County, and this case cannot proceed.  After consideration, the Court **grants** Defendant's Renewed Motion to Quash Service.  The Court directs Plaintiff to serve Defendant Hernando County with process within twenty days of the date of this Order.  Plaintiff shall obtain summonses from the Clerk of the Court, and obtain service of process on Defendant pursuant to Fed. R. Civ. P. 4.  Valid service includes providing a copy of the amended complaint with all its exhibits for service with the summons.  Failure to comply may result in dismissal of this case.

Because the Court has granted the Motion to Quash Service, the Court denies the alternative Motion to Dismiss without prejudice.  However, the Court reminds Plaintiff Schwindt that Plaintiff is subject to the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida (available on the Court's website, www. flmd.uscourts.gov.).  The Court draws Plaintiff's attention to Fed. R. Civ. P. 8(a) and 10(b).

Case No. 8:13-CV-809-T-17EAJ

II.  Dkt. 2   Verified Motion to Quash Service

Because the Court has granted the Renewed Motion to Quash Service, the Court **denies** Defendant's Verified Motion to Quash Service as moot.

III.  Dkt. 12   Motion to Dismiss for Failure to Comply with Orders

Defendant moves to dismiss the Complaint due to Plaintiff's failure to respond to the Court's Order directing Plaintiff to respond to pending motions (Dkt. 10).   While Plaintiff did not respond to the Court's Order or the pending motions, Plaintiff later moved to reopen this case, after which the Court granted leave to Plaintiff to file an amended complaint.  Plaintiff Schwindt did file an Amended Complaint, signaling Plaintiff's intent to proceed in compliance with the Court's Orders and the Federal Rules of Civil Procedure.   The Court does require pro se parties to comply with procedural rules.   In general, it would not be appropriate to dismiss a case for failure to comply with Court Orders unless there was a pattern of repeated failure.

After consideration, the Court **denies** Defendant's Motion to Dismiss For Failure to Comply with Orders.    Accordingly, it is

**ORDERED** that Defendant's Renewed Motion to Quash Service (Dkt. 18) is **granted**.  Plaintiff shall obtain service of process on Defendant within twenty days of the date of this Order.  Defendant's Motion to Dismiss (Dkt. 18) is **denied without prejudice**.  Defendant's Verified Motion to Quash is **denied as moot**.  Defendant's Motion to Dismiss For Failure to Comply with Court Orders is **denied.**

Case No. 8:13-CV-809-T-17EAJ

      **DONE and ORDERED** in Chambers, in Tampa, Florida on this
24th day of January, 2014.


ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE


Copies to:
All parties and counsel of record