UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAR SCHWINDT

    **Plaintiff,**

CASE NO: 8:13-cv-00809-EAK-EAJ

vs.

HERNANDO COUNTY

    **Defendant.**
_____/

## DEFENDANT HERNANDO COUNTY'S MOTION TO DISMISS AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

COMES NOW the Defendant, HERNANDO COUNTY, by and through her undersigned counsel, and pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) and 12(f) and files this Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law, and as grounds therefore would state as follows:

**I.    STATEMENT OF THE CASE AND PROCEDURAL HISTORY**

Plaintiff, a pro se litigant, filed her original Complaint in the Circuit Court of the Fifth Judicial Circuit in and for Hernando County, Florida on March 12, 2013, against Defendant. [Doc.1]. On March 29, 2013 a Notice of Removal to the United States District Court was timely served and this case was removed by automatic operation of Federal Law. [Id]

On April 8, 2013 Defendant filed its Motion to Quash Service of Complaint or in the Alternative Motion to Dismiss and Incorporated Memorandum of Law. [Doc. 6]. On or about April 12, 2013 the Court directed Plaintiff to file a response to Plaintiff's Motion within 14 days. [Doc. 10]. On July 2, 2013, Defendant filed a Motion to Dismiss for failure to comply with Court's Order or Alternatively, further Order Directing to appear for Case Management Conference. [Doc. 12]

On July 3, 2013, this Court granted Defendant's Motion to Dismiss and denied without prejudice Defendant's Motion to Quash. The Court further granted Plaintiff's Leave to File an Amended Complaint within 14 days which cure any deficiencies identify by Defendant in its Motion to Dismiss. Plaintiff filed her Amended Complaint on August 2, 2013 [Doc. 13]. Defendant renewed its Motion to Quash Service or in the Alternative Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law on August 16, 2013, [Doc. 18]. On January 24, 2014, the Court entered its Order on Defendant's Motion to Quash, Motion to Dismiss For Failure to Comply with Orders and Motion to Quash Service; Motion to Dismiss [Doc. 20]. The Court granted the Defendant's Renewed Motion to Quash [Doc. 18], and ordered Plaintiff to obtain service of process of Defendant within 20 days of the date. Defendant's Motion to Dismiss [Doc. 18] was denied without prejudice and Defendant's Verified Motion to Quash as denied as moot. [Doc. 20] Defendant's Motion to Dismiss for failure to comply with Court's Order was denied. [Id].

The Court further entered an Order on January 7, 2015 ordering Plaintiff to serve Defendant by mail or personal service [Doc. 29]. Plaintiff ultimately serviced Defendant via certified mail with her Amended Complaint which is the operative complaint to which Defendant is responding. [Doc. 27 ]. Plaintiff, in her Amended Complaint (under the heading "factual background") alleges on February 20, 2013 at approximately 3:00 a.m., She had a skillet on her stove that got too hot. She opened the front door to air out her home and went outside with her three (3) dogs. She was outside with the dogs approximately thirty (30) minutes returning to her home at 3:30 a.m. The front entrance of Plaintiff's home had a six (6) foot chain link fence on cement. Plaintiff alleges there was no evidence that her animals attempted to get out of the fence. It appears Plaintiff is alleging that Hernando County wrongfully removed her three (3) animals and is requesting the return of her the dogs which were impounded at Hernando County

Animal Control. Plaintiff attaches numerous exhibits including pleadings and Court's Order which date as far back as to 2006. Plaintiff attempts to allege illegal search and seizure under the Fourth Amendment, a Fourteenth Amendment Equal Protection Clause Claim and a Violation of her Fifth Amendment rights and request the Court to release her three (3) dogs: Shawnee, Saddies and Sabeth back to their rightful owner, Shar Schwindt, Plaintiff. [Doc. 27].

**II.    STANDARD OF REVIEW**

For purposes of deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court is to accept as true the factual allegations in the complaint and draw all reasonable inferences in the light most favorable to the plaintiff. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). "Generally, under the Federal Rules of Civil Procedure, a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). However, the plaintiff's complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). Thus, the Court is not required to accept as true a legal conclusion merely because it is labeled a "factual allegation" in the complaint; it must also meet the threshold inquiry of facial plausibility. *Id.*

Plaintiff is proceeding without the assistance of counsel in this litigation. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (per curiam) (internal citations and quotation marks omitted). Nevertheless, *pro se* pleadings "must still comply with procedural rules governing the

3

proper form of pleadings." *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (per curiam) (citing *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993)). However, the Court is under no obligation to rewrite a pleading for a *pro se* party. *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006) (citation omitted).

Section 1983 offers "a method for vindicating federal rights elsewhere conferred," but it "is not itself a source of substantive rights." *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 1870 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3, 99 S. Ct. 2689, 2694 n.3 (1979)). Analysis of a § 1983 claim begins by "identifying the specific constitutional right allegedly infringed" by the defendant's conduct. *Id.*, 490 U.S. at 394 (citation omitted). "The validity of the claim must then be judged by reference to the specific constitutional standard which governs" the right at issue. *Id* (citation omitted).

## **MEMORANDUM OF LAW**

### III. PLAINTIFF'S AMENDED COMPLAINT IS LEGALLY DEFICIENT

**A.  Plaintiff has failed to state a claim for violation of her Fourth Amendment Constitutional Rights**

Giving Plaintiff's Complaint a broad interpretation, it appears she is attempting to state a claim for violation of her Fourth Amendment Constitutional Rights for the seizure of her three (3) dogs, Shawnee, Saddies and Sabeth by Defendant, Hernando County Animal Control. A Complaint is required to contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). However, Plaintiff has failed to set forth a short and plain statement setting forth the facts that would support any claim or cause of action. Plaintiff alleges in a conclusory fashion that Hernando County violated her rights, including the Fourth Amendment and other Amendments. Plaintiff's Amended Complaint should be dismissed for failure to include specific facts that will support her claims of Civil Rights Violations.

4

### B. Pleadings Deficiency

Plaintiff appears to allege a claim for violations of her Fourth, Fifth, and Fourteenth amendment rights. However, Plaintiff has failed to set forth a short and plain statement setting forth the facts that would support any claim or cause of action. Plaintiff alleges in a conclusory fashion that Hernando County violated her civil rights, including the Fourth amendment, Fifth and Fourteenth Amendment. Plaintiff's Amended Complaint should be dismissed for failure to include specific facts that would support her claims of civil rights violations.

Rule 8 aims to provide an adverse party with notice of the claim asserted to minimize the burden placed on both courts and litigants caused by excessively verbose and confused pleadings. *See* Salahuddin v. Cuomo, 861 F.2d 40, 42 (2nd Cir. 1988). The courts may dismiss the Complaint when it appears "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Id. Plaintiff's Amended Complaint is very confusing, ambiguous and vague. Therefore, it does not provide the Defendants with proper notice of the claim being asserted and, therefore, Plaintiff's Amended Complaint should be dismissed.

### C. Failure to State a Cause of Action

Plaintiff, acting pro se, has failed to set forth the efficient facts to state a claim upon which relief may be granted. Fed.R.C.P. 12(b)(6). Once again, Plaintiff alleges acts on behalf of the Defendants that resulted in violations of her civil rights. Plaintiff has failed to allege any specific facts to support such a claim. To state a cause of action for a civil rights violation against a governmental entity, a plaintiff must allege sufficient facts showing the Plaintiff's constitutional deprivation resulted from an official policy or custom of the governmental entity. *City of Oklahoma v. Tuttle*, 471 U.S. 808 (1985). Governmental entities are not liable under § 1983 on a basis of respondeat superior. *Monell v. New York City Department of Social Services*,

436 U.S. 658 (1978). Plaintiff appears to be alleging liability against Defendant, Hernando County, for specific acts that resulted in seizure of three dogs. Plaintiff has not alleged that any of the County's policies reflected in a deliberate indifference to her constitutional rights. Therefore, Plaintiff's cause of action should be dismissed.

### D. Probable Cause

Probable cause is an absolute defense to any fourth amendment claim. *Marks v. Gumbinner*, 716 F. Supp. 1434 (So. Dist. Fla. 1989). Plaintiff's Complaint attempts to allege a search and seizure of her property by Animal Control Officers. Plaintiffs Complaint fails to state that the Animal Control violations which led to the seizure of her animals were without probable cause or fault. To state a claim under the fourth amendment, Plaintiff must allege sufficient facts to support that the County acted without probable cause. Plaintiff has failed to allege that the County acted without probable cause or fault. Therefore, Plaintiff's Amended Complaint as to any fourth amendment claim should be dismissed.

### E. Plaintiff has failed to state a claim for violation of his Fourteenth Amendment Constitutional Rights

Plaintiff's Amended Complaint attempts to allege a violation of her Fourteenth Amendment Right to due process as a result of the seizure of her 3 dogs. [Doc.47]. Plaintiff, again, fails to identify any acts by Defendant which violated her Fourteenth Amendment Right to due process.

The Due Process Clause of the Fourteenth Amendment prohibits a state from depriving "any person of life, liberty or property without due process of law." U.S. Const. Amend. XIV, §1. This clause encompasses two forms of constitutional protection: procedural due process and substantive due process. *McKinney v. Pate*, 20 F.3d 1515, 1555 (11th Cir. 1994). These

protections of the Due Process Clause, whether they are procedural or substantive, are not triggered by mere lack of due care. *Porter v. White*, 43. F.3d 1294, 1308 (11th Cir. 2000).

A procedural due process violation occurs when the state fails to provide a subsequent procedural remedy after the deprivation of a protected liberty or property interest. *McKinney,* 20 F.3d at 1557. A §1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) a constitutionally, inadequate process. *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). Procedural due process protection for a state created liberty interest is restricted to situations in which the deprivation of that interest limits freedom from restraint and imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents in prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1985). Even the unauthorized, intentional deprivation of constitutional rights does not constitute a violation of the Fourteenth Amendment due process clause where the state provides adequate post-deprivation remedies. *Hudson v. Palmer*, 468 U.S. 517 (1984).

In the instant case, Plaintiff has not established a claim for violation of her right to procedural due process. Specifically, she has not shown a constitutionally inadequate process. Accordingly, Plaintiff's claim for violation of his right to procedural due process must be dismissed.

To the extent that Plaintiff has alleged a substantive due process violation, this only occurs when an individual's fundamental rights that are "implicit in the concept of ordered liberty" are infringed, regardless of the fairness of the procedure used by the State. *McKinney,* 20 F.3d 1550 at 1556. Substantive due process is a doctrine that is reserved for extraordinary circumstances. *Nix v. Franklin Cnty. Sch. Dist.,* 311 F.3d 1373, 1379 (11th Cir. 2002). Therefore,

7

to prevail on a claim of substantive due process, a Plaintiff must prove that Defendant's conduct shocked the conscience. *Id.* at 1375.

Clearly, Plaintiff has failed to state a claim upon which relief may be granted for violation of her right to substantive due process. Accordingly, Plaintiff's claims pursuant to the Fourteenth Amendment for violation of his due process rights must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

WHEREFORE, the Defendant, HERNANDO COUNTY respectfully requests that this Court enter an Order granting the Defendant's Motion to Dismiss and Incorporated Memorandum of Law and for such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of May, 2015 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to Shar Schwindt, looknthruwolfeye@att.net and has also been furnished by U.S. Mail to Shar Schwindt, 25410 Harwell Street, Brooksville, FL 34601.

*/s/ G. Clay Morris*
G. CLAY MORRIS, ESQ.
Florida Bar No. 0750190
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel: 407-422-4310   Fax: 407-648-0233
CMorris@drml-law.com
AryBermudez@DRML-Law.com
Attorneys for Defendant