UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHARON SCHWINDT,

    Plaintiff,

v.                                                         CASE NO. 8:13-CV-809-17EAJ

HERNANDO COUNTY,

    Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to Defendant's Motion to Dismiss, filed May 4, 2015 (Dkt. # 31), to which Plaintiff, who is proceeding pro se, has responded in opposition (Dkt. # 33). For the reasons that follow, the motion is granted.

## BACKGROUND

In this action, brought pursuant to 42 U.S.C. § 1983, Plaintiff Sharon Schwindt alleges that Hernando County illegally seized three of her dogs, violating federal constitutional rights guaranteed by the Fourth, Fifth, Fourteenth, and Fifteenth Amendments. Plaintiff maintains that her dogs remain impounded at Hernando County Animal Control, and she requests their release. (Dkt. # 27, pp. 1, 5-6).

Plaintiff originally filed this action in state court. (Dkts. # 1-1, 1-2, 1-3). On March 29, 2013, the County removed the case, invoking this Court's federal-question jurisdiction under 28 U.S.C. § 1331. (Dkt. # 1). The Court granted Defendant's motion to dismiss the complaint, based on the deficiencies identified in the motion, and dismissed Plaintiff's complaint with leave to amend. (Dkts. # 6, 13). After Plaintiff filed an amended complaint (Dkt. # 17), the Court granted the County's motion to quash service and directed Plaintiff

to effect service of process (Dkts. # 18, 20). On September 23, 2014, Plaintiff filed another "Amended Complaint." (Dkt. # 27). On February 16, 2015, the County waived service. (Dkt. # 30).

On May 4, 2015, the County filed the instant motion, arguing that the most recent Amended Complaint is confusing, vague, and conclusory. (Dkt. # 31). As detailed below, the Court agrees. The Amended Complaint does not clearly state the circumstances under which Plaintiff's dogs were removed, nor does the Amended Complaint plausibly allege that a constitutional violation occurred. In addition, as the County argues, the Amended Complaint fails to allege a basis for municipal liability under Section 1983. As a result, the Amended Complaint will be dismissed without prejudice and with leave to amend.

## LEGAL STANDARD

The allegations of a pro se complaint are held to less stringent standards than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Nevertheless, pro se litigants must still comply with procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff's complaint set out a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations and internal quotation marks omitted).

Therefore, to survive a motion to dismiss, the plaintiff's complaint "must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss under this plausibility standard, courts follow a two-pronged approach. First, a court must "eliminate any allegations in [a] complaint that are merely legal conclusions." Id. at 1290 (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009)). Then, a court must take any remaining well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. (citing Iqbal, 129 S.Ct. at 1950) (internal quotation marks omitted). In sum, Rule 8's pleading standard "does not require 'detailed factual allegations,' but demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555).

## ANALYSIS

Section 1983 of the Civil Rights Act of 1871 creates a cause of action for the deprivation of rights, privileges, or immunities secured by the federal Constitution or federal law, by any person acting under color of state law. 42 U.S.C. § 1983; Arrington v. Cobb Cnty., 139 F.3d 865, 872 (11th Cir. 1998). To state a Section 1983 claim against a municipality, such as the County, Plaintiff must allege that: (1) her constitutional rights were violated; (2) the County had a custom or policy that constituted deliberate indifference to her constitutional rights; and (3) the policy or custom caused the violation. McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). An underlying constitutional injury must be found before examining the municipality's policy or custom. Rooney v. Watson, 101 F.3d

1378, 1381 (11th Cir.1996).

The Court first addresses whether Plaintiff sufficiently alleges a violation of the Fourth, Fifth, Fourteenth, or Fifteenth Amendments. The Court then considers whether Plaintiff adequately alleges that any violation was caused by the County's policy or custom. As discussed below, Plaintiff's Amended Complaint is deficient in both respects.

A.  **Constitutional Violation**

**1. Fourth Amendment**

The Fourth Amendment guarantees the right to be free of unreasonable searches and seizures and mandates that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV.  The Fourth Amendment prohibition on unreasonable searches and seizures is made applicable to the states by the Fourteenth Amendment. Soldal v. Cook County, 506 U.S. 56, 61, 113 S.Ct. 538, 121 L.Ed.2d 450 (1992). "The chief evil against which the Fourth Amendment is directed is a government agent's warrantless entry into a person's home." Feliciano v. City of Miami Beach, 707 F.3d 1244, 1251 (11th Cir. 2013) (internal quotation marks omitted).  A warrantless and nonconsensual search or seizure "violates the Fourth Amendment unless it is supported by both probable cause and exigent circumstances." Id.

The Amended Complaint fails to plausibly allege that Plaintiff was subjected to an unconstitutional search or seizure.  Most problematic, the Amended Complaint does not clearly set forth the circumstances under which Plaintiff's dogs were removed on the day in question, February 20, 2013. (Dkt. # 27, p. 1).  For instance, Plaintiff does not allege who removed the dogs. Plaintiff does not specify whether the dogs were removed from her residence or from a public area. Plaintiff does not explain the grounds for removal, or the

written authority, if any, authorizing the removal. Although Plaintiff alleges that deputies knocked on her door (Dkt. # 27, p. 3), that action alone does not demonstrate a constitutional violation. Morris v. Town of Lexington, 748 F.3d 1316, 1324 (11th Cir. 2014). Plaintiff's Fourth Amendment claim is therefore dismissed.

### 2. Fifth Amendment

Plaintiff also claims an unspecified violation of the Fifth Amendment. (Dkt. # 27, p. 6). To the extent that Plaintiff is attempting to allege a violation of the Fifth Amendment's "Just Compensation Clause," that claim is due to be dismissed.

The Just Compensation Clause provides that private property may not "be taken for public use, without just compensation," and is made applicable to the states through the Fourteenth Amendment. U.S. Const. amend. V; Palazzolo v. Rhode Island, 533 U.S. 606, 617, 121 S.Ct. 2448, 2457, 150 L.Ed.2d 592 (2001). In order to allege a violation of the Just Compensation Clause, a plaintiff typically asserts that her property was taken for public use, without appropriate compensation. Busse v. Lee County, 317 F. App'x 968, 971-72 (11th Cir. 2009). Alternatively, a plaintiff may allege that her property was taken "for the purpose of conferring a private benefit on a particular private party," which is unlawful regardless of whether the taking is compensated. Kelo v. City of New London, 545 U.S. 469, 477, 125 S.Ct. 2655, 2661, 162 L.Ed.2d 439 (2005). As a general rule, the seizure of neglected animals falls within the state's general police power and therefore does not constitute a taking for public use or private benefit. Porter v. DiBlasio, 93 F.3d 301, 310 (7th Cir.1996); Young v. County of Hawaii, 947 F. Supp. 2d 1087, 1103 (D. Haw. 2013).

The Amended Complaint does not include any facts suggesting that Plaintiff's dogs

were taken for public use or to confer a particular benefit on a private party. Indeed, because Plaintiff maintains that the dogs are in the custody of Hernando County Animal Control (Dkt. # 27, p. 6), the Amended Complaint suggests that the dogs were removed pursuant to the County's general police power, which includes the rescue of animals and abatement of nuisances. Porter, 93 F.3d at 310. Under the facts currently pled, Plaintiff is unable to state a claim pursuant to the Just Compensation Clause. Id.; Young, 947 F. Supp. 2d at 1103; Wilson v. Sarasota County, No. 8:10-cv-489, 2011 WL 5117566, at *3 (M.D. Fla. Oct. 25, 2011).

### 3. Fourteenth Amendment - Due Process

The Fourteenth Amendment guarantees that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The Due Process Clause provides two different kinds of constitutional protections: procedural due process and substantive due process." Maddox v. Stephens, 727 F.3d 1109, 1118 (11th Cir. 2013).

#### a. Procedural due process

In order to state a procedural due process violation, Plaintiff must allege: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process. Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami, 637 F.3d 1178, 1186 (11th Cir. 2011) (internal quotation marks omitted). The Amended Complaint plausibly alleges the first two elements, based on the County's removal of Plaintiff's dogs, in which Plaintiff has a cognizable property interest. O'Neill v. Louisville/Jefferson Cnty. Metro Gov't, 662 F.3d 723, 733 (6th Cir. 2011). However, the

Amended Complaint does not plausibly allege that Plaintiff was afforded inadequate process.

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Reams v. Irvin, 561 F.3d 1258, 1263 (11th Cir. 2009) (internal quotation marks omitted). "[P]rocedural due process violations do not become complete unless and until the state refuses to provide due process." McKinney v. Pate, 20 F.3d 1550, 1562 (11th Cir.1994) (internal quotation marks omitted). Thus, where "an adequate post-deprivation process is in place under state law, no federal procedural due process claim exists." Foxy Lady, Inc. v. City of Atlanta, 347 F.3d 1232, 1239 (11th Cir. 2003).

In this case, the relevant question is whether the County provided Plaintiff "with the means to present her allegations, demonstrate that the impoundment was wrongful, and receive redress from that deprivation." Reams, 561 F.3d at 1266. The Amended Complaint does not include any facts suggesting that Plaintiff was afforded inadequate process after the County removed her dogs. For instance, Section 828.073 of the Florida Statutes governs the seizure of "neglected or mistreated" animals and sets forth detailed notice and hearing requirements. Plaintiff does not allege that the County failed to provide notice of a hearing, or that she requested and was denied a hearing. See Fla. Stat. § 828.073(2), (3).

Absent facts indicating that the available procedures violated due process or that Plaintiff unsuccessfully attempted to avail herself of those procedures, Plaintiff's procedural due process claim fails. Am. Fed'n of Labor & Cong. of Indus. Orgs., 637 F.3d at 1186; Wilson, 2011 WL 5117566, at *3 (holding that post-deprivation procedures in Fla. Stat.

§ 828.073 provided adequate procedural safeguards); Otto v. Hillsborough County, No. 8:11-cv-694, 2011 WL 2516681, at *1-2 (M.D. Fla. Jun. 8, 2011) (holding that due process claim was frivolous where plaintiffs failed to appeal from administrative decision on seizure of animals).

### b. Substantive due process

"The substantive component of the Due Process Clause protects those rights that are 'fundamental,' that is, rights that are implicit in the concept of ordered liberty." McKinney, 20 F.3d at 1556 (internal quotation marks omitted). In contrast to procedural due process claims, a fundamental right "is protected against certain government actions regardless of the fairness of the procedures used to implement them." Id. (internal quotation marks omitted).

The Amended Complaint does not allege that the County infringed upon any fundamental right. Accordingly, to the extent Plaintiff attempts to raise a substantive due process claim, that claim is dismissed.[1] Windwalker v. Governor of Ala., 579 F. App'x 769, 773 (11th Cir. 2014) (affirming dismissal of substantive due process claim where alleged right was not fundamental); Dias v. City and County of Denver, 567 F.3d 1169, 1181 (10th Cir. 2009) (holding that plaintiff failed to allege a fundamental right based on "the human/companion animal bond").

### 4. Fourteenth Amendment - Equal Protection

The Equal Protection Clause of the Fourteenth Amendment provides that no state

---

[1] Plaintiff does not mount a facial challenge to any County ordinance, which would implicate a rational-basis analysis. Kentner v. City of Sanibel, 750 F.3d 1274, 1280 (11th Cir. 2014); McKinney, 20 F.3d at 1557 n.9 (11th Cir. 1994).

shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Plaintiff alleges that her equal protection rights were violated because she was not allowed to reclaim her dogs, while the County afford other pet owners that right. (Dkt. # 27, p. 5).

"The Equal Protection Clause requires the government to treat similarly situated persons in a similar manner." Leib v. Hillsborough Cnty. Pub. Transp. Comm'n, 558 F.3d 1301, 1305 (11th Cir. 2009). Equal protection claims are typically concerned with governmental action that impacts "some discrete and identifiable group of citizens differently from other groups." Corey Airport Servs., Inc. v. Clear Channel Outdoor, Inc., 682 F.3d 1293, 1296 (11th Cir. 2012). Alternatively, a plaintiff who does not claim membership in a particular group may assert a "class of one" equal protection claim. Leib, 558 F.3d at 1306. In order to state a class-of-one claim, a plaintiff must allege: "(1) that he was treated differently from other similarly situated individuals, and (2) that the defendant unequally applied a facially neutral ordinance for the purpose of discriminating against him." Id. at 1307.

Plaintiff appears to be proceeding under a class-of-one theory because she does not allege unfair treatment against a particular group. (See Dkt. #27, p. 5). However, the Amended Complaint is devoid of specific facts showing that other pet owners were allowed to retrieve their dogs under materially similar circumstances, as required to state a class-of-one claim. Barth v. McNeely, 603 F. App'x 846, 849 (11th Cir. 2015); Apothecary Dev. Corp. v. City of Marco Island, 517 F. App'x 890, 892 (11th Cir. 2013). Plaintiff's equal protection claim is therefore dismissed.

### 5. Fifteenth Amendment

The Amended Complaint contains a passing reference to the Fifteenth Amendment (Dkt. # 27, p. 5), which provides that a citizen's right "to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude." U.S. Const. amend. XV, § 1. The protections of the Fifteenth Amendment appear irrelevant to the instant controversy, as Plaintiff does not allege that the County prevented her from registering to vote or from voting. The Fifteenth Amendment claim is therefore dismissed. See Osburn v. Cox, 369 F.3d 1283, 1288 (11th Cir. 2004) (affirming dismissal of Fifteenth Amendment claim where plaintiffs did not allege that they were denied any fundamental right in relation to voting).

### B.  Municipal Liability

For the reasons discussed, the Amended Complaint does not plausibly allege a violation of federal law, which requires dismissal of Plaintiff's Section 1983 claims. Moreover, even if Plaintiff had alleged a violation of federal law, the Amended Complaint would nonetheless be subject to dismissal because it does not allege a basis for municipal liability.

A Section 1983 claim against a municipality, such as the County, "must be predicated upon an injury inflicted by a municipal policy or custom." Mingo v. City of Mobile, 592 F. App'x, 793, 799 (11th Cir. 2014). An official policy or custom may be shown in several ways, including "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Id. A plaintiff may also demonstrate an official policy by showing that the municipality had a "policy of inadequate training or supervision." Id. In order to proceed

under the latter theory, "a plaintiff must demonstrate that the municipality knew of the need to train in a particular area and that it made a deliberate choice not to take any action." Id.

In this case, the Amended Complaint includes no facts indicating that the actions about which Plaintiff complains were the result of an official County policy, actions by County policymakers, or a custom "so persistent and widespread as to practically have the force of law." Mingo, 592 F. App'x at 799. Nor does Plaintiff allege that the County exhibited deliberate indifference by failing to properly train its employees. As a result, Plaintiff fails to allege a viable basis for municipal liability under Section 1983. Wilson, 2011 WL 5117566, at *3; Clark v. Miller, No. 09-694, 2011 WL 777935, at *15 (S.D. Ala. Feb. 25, 2011).

## CONCLUSION

Plaintiff will be granted leave to file a Second Amended Complaint on or before August 4, 2015, by 5:00 PM. If Plaintiff files a Second Amended Complaint, the complaint must identify, in separately-titled counts, each alleged constitutional violation (e.g., "Count I - Illegal Seizure in Violation of the Fourth Amendment"). Within each count, Plaintiff shall include, in separately-numbered paragraphs, relevant facts supporting her argument that a constitutional violation occurred. Because Hernando County is named as a defendant, Plaintiff must also allege, in each count, facts showing that the County had a policy or custom that caused the alleged constitutional violation.

If Plaintiff fails to adequately allege a plausible violation of federal law and a plausible basis for municipal liability in her Second Amended Complaint, the Court will dismiss this action without further opportunity to amend, upon a proper motion by the County.

Accordingly, it is **ORDERED**:

(1) Defendant's Motion to Dismiss (Dkt. # 31) is **GRANTED**;

(2) Plaintiff is granted leave to file a Second Amended Complaint on or before August 4, 2015, by 5:00 PM. Plaintiff's failure to file a Second Amended Complaint within the time permitted will result in the dismissal of this action without further notice.

**DONE AND ORDERED**, in Chambers, in Tampa, Florida on this 16th day of July, 2015.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
Pro se Plaintiff
Counsel of record